## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Oscar Aguilar and Rose Aguilar,

             Plaintiffs,

v.

Mortgage Electronic Registration
System, Inc.; MERSCORP, Inc.;
The Bank of New York Mellon; Bank
of America, N.A.; and all other persons,
unknown claiming any right, title,
estate, interest, or lien in the real estate
described in the complaint herein,

             Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 13-1080 ADM/JSM

_____

William B. Butler, Esq., Butler Liberty Law, LLC, Minneapolis, MN, on behalf of Plaintiffs.

Mark G. Schroeder, Esq., Briggs and Morgan, P.A., Minneapolis, MN, on behalf of Defendants.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on

Plaintiffs' Objection [Docket No. 16] to Magistrate Judge Janie S. Mayeron's December 19,

2013 Report and Recommendation [Docket No. 14] ("R&R").  Judge Mayeron recommends

granting Defendants' Motion to Dismiss [Docket No. 3] Plaintiffs' complaint.  For the reasons

stated below, Plaintiffs' Objections are overruled, Judge Mayeron's R&R is adopted, and

Defendants' motion to dismiss is granted.

## II.  BACKGROUND

The factual history of this dispute is more fully recited in Judge Mayeron's R&R and is

incorporated here by reference.  In brief summary, Plaintiffs borrowed money from Encore

Credit Corporation, which is not a party to this case.  Plaintiffs executed a mortgage secured by Plaintiffs' property in Andover, Minnesota.  Not. of Removal, [Docket No. 1] Attach. 1 (Complaint) ¶ 6.  Plaintiffs' mortgage note was sold on the secondary market and the mortgage was eventually sold to Bank of New York Mellon.  Id. ¶ 21.  Plaintiffs defaulted on their mortgage payments.  The Bank of New York Mellon noticed a sheriff's sale for the property, which was conducted on September 26, 2012.  Plaintiffs allege that between Encore Credit Corporation and Bank of New York Mellon, Defendants failed to follow Minnesota law.  Plaintiffs allege Defendants failed to record mortgage assignments, allowed unauthorized persons to exercise power of attorney ("POA"), drafted and recorded false documents, and failed to honor the terms of purchase agreements made between Defendants.  As a result of these failings, Plaintiffs allege Bank of New York Mellon cannot have a legal title to the foreclosed property, and the property should revert back to the Plaintiffs, notwithstanding their uncontested default.

## III.  DISCUSSION

### A.  Standard of Review

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

### B.  Motion to Dismiss Standard

A motion to dismiss a complaint for failure to state a claim is governed by Rule 12(b)(6)

of the Federal Rules of Civil Procedure.  In considering a Rule 12(b)(6) motion, the court views the pleadings in the light most favorable to the nonmoving party and treats the alleged facts as true.  See Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993).  Conclusions of law made by the nonmoving party, however, are not "blindly accept[ed]."  Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).  A Rule 12(b)(6) motion to dismiss is granted when the factual allegations, even assumed to be true, do not entitle that party to relief.  See, e.g., Taxi Connection v. Dakota, Minn. & E.R.R. Corp., 513 F.3d 823, 826-27 (8th Cir. 2008).  On a motion to dismiss, a court may refer to public records and documents to which the complaint refers.  Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011); Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief."  A pleading must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'"  Id. (quoting Fed. R. Civ. P. 8(a)(2)).

**C.  Unclean Hands**

In Count 1, Plaintiffs request a determination of adverse interests pursuant to Minn. Stat.

§ 559.01.  Compl. ¶ 40.  The law has not changed since Judge David S. Doty dismissed an

almost identically deficient claim in August 2012, and this Court dismissed an identically

deficient claim in March 2013.  Novak v. JPMorgan Chase Bank, N.A., No. 12-589, 2012 U.S.

Dist. LEXIS 119382, *9-12 (D. Minn. Aug. 23, 2012); Stilp v. HSBC Bank USA, N.A., No.

12-3098, 2013 U.S. Dist. LEXIS 38531, 11-12 (D. Minn. Mar. 20, 2013).

As a threshold for this equitable relief, the law requires a plaintiff have "clean hands" to

have standing.  Novak, 2012 U.S. Dist. LEXIS 119382, at *10.  It is undisputed Plaintiffs

defaulted on their mortgage loan.  They seek to declare their mortgage invalid after defaulting; as

such, they come to the present case with unclean hands and cannot pursue a claim under §

559.01.  Id.

Even if Minn Stat. § 559.01 were available to Plaintiffs, a plaintiff must state "facts

sufficient to allow the court to draw the reasonable inference" that a defendant "claims a right or

title to the property but has no such right or title."  Id. at *11.  Plaintiffs plead upon information

and belief that named individuals executing assignments of mortgage and power of attorney on

behalf of Defendants lacked legal authority to do so.  Without more, this allegation fails to

establish fraud.  Even if the individuals did work for other organizations, it does not mean that

they could not also work for or be hired as agents on behalf of different clients.  Absent evidence

of fraud, these are conclusory allegations which do not state a claim for which relief may be

granted.  Id. at *12; see also Karnatcheva v. JPMorgan Chase Bank, N.A., 871 F. Supp. 2d 834,

840-42 (D. Minn. 2012).  In this case, not only is there no evidence of an unrecorded assignment

4

of mortgage, "there is an unbroken chain of title from MERS to [Bank of New York] Mellon via an assignment of the mortgage."  R&R at 12.  Accordingly, Plaintiffs' Objection is overruled and Judge Mayeron's R&R is adopted.

**D.  Declaratory Judgment**

In Count 2, Plaintiffs' assertion under Minn. Stat. § 555.02 is insufficiently pled. Plaintiffs request the Court declare the sheriff's sale void and ask the Court to determine "the legal relations arising out of October 2006 loan transaction."  Compl. ¶ 42.  Plaintiffs have provided no factual support for declaring the sheriff's sale void.  To the extent this claim is based on the assertion that the Defendants could not foreclose on Plaintiffs' home because they were not the holders in due course of the notes, such claim is without merit.  Karnatcheva, 871 F. Supp. 2d at 843 (citing Jackson v. Mortgage Electronic Reg. Sys., Inc., 770 N.W.2d 487, 500 (Minn. 2009) ("[A] party can hold legal title to the security instrument without holding an interest in the promissory note.")).  To the extent that this claim is based on the assignment of mortgage, the Defendants' purchase agreements, and the power of attorney, Plaintiffs have no standing.  See Karnatcheva, 871 F. Supp. 2d at 842 (Plaintiffs have no standing to challenge agreements of which they are not parties or third party beneficiaries); see also Blaylock v. Wells Fargo Bank, N.A., No. 12-693, 2012 U.S. Dist. LEXIS 90246 at *15-17 (D. Minn. June 29, 2012) (Plaintiffs' loans specifically authorize securitization, therefore there is no cause of action to challenge defendants' authority to foreclose).  Accordingly, Judge Mayeron's R&R is adopted, Plaintiffs' Objection is overruled, and the request for declaratory relief is dismissed.

**E.  Slander of Title**

Count 3, Plaintiffs' slander of title claim, is also insufficiently pled.  Although not named

as a defendant, Plaintiffs allege Lawrence A. Wilford, presumably of the law firm Wilford, Geske & Cook, PA, drafted and recorded documents that are false and were not executed by legally authorized persons.  Compl. ¶¶ 49-54.  This claim is frivolous.  A slander of title claim in Minnesota requires a plaintiff allege four elements: (1) a false statement; (2) was published to others; (3) was published maliciously; and (4) the publication caused plaintiff pecuniary loss in the form of special damages.  Nelson v. Bank of N.Y. Mellon, No. 12-1096, 2012 U.S. Dist. LEXIS 141277, *10 (D. Minn. Oct. 1, 2012) (citing Paidar v. Hughes, 615 N.W.2d 276, 279-80 (Minn. 2000)); Blaylock, 2012 U.S. Dist. LEXIS 90246, at *8-19.  To be a malicious statement, it must be a "groundless disparagement of the plaintiff's title or property . . . made without probable cause."  Quevli Farms, Inc. v. Union Sav. Bank & Trust Co., 226 N.W. 191, 192 (Minn. 1929).  Judge Mayeron concluded, and the Court agrees, that one of numerous deficiencies in this claim is Plaintiffs' failure to plead the malice element.  Accordingly, Judge Mayeron's R&R is adopted, Plaintiffs' Objection is overruled, and the Plaintiffs' slander of title claim is dismissed.

**IV.  CONCLUSION**

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**

that:

1.       Plaintiffs' Objection [Docket No. 16] is **OVERRULED**;

2.       Judge Mayeron's December 19, 2013 Report and Recommendation [Docket No. 14] is **ADOPTED**; and,

3.       Defendants' Motion to Dismiss [Docket No. 3] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 28, 2014.